**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| INMOTION IMAGERY TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.  2:12-cv-624 |
| v. | § § | **JURY TRIAL DEMANDED** |
| DELL, INC., | § § § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff InMotion Imagery Technologies, LLC (hereinafter, "InMotion" or "Plaintiff") by and through its undersigned counsel, files this Complaint against Defendant Dell, Inc. ("Dell" or "Defendant"), as follows:

**NATURE OF THE ACTION**

1.     This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 6,526,219 (hereinafter, the "'219 Patent"), entitled "Picture-Based Video Indexing System", and United States Patent No. 8,150,239, also entitled "Picture-Based Video Indexing System" (hereinafter, the "'239 Patent") (collectively, referred to as the "Patents-in-Suit").  A copy of the '219 Patent and the '239 Patent is attached hereto as Exhibit A and Exhibit B, respectively.  Plaintiff is the exclusive assignee of both the Patents-in-Suit with respect to the Defendant.  Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2.      Plaintiff InMotion is a limited liability company organized and existing under the laws of Texas with its principal place of business at 104 East Houston Street, Suite #175, Marshall, Texas 75670.

3.      Plaintiff is the exclusive assignee under the Patents-in-Suit with respect to the Defendant, including the exclusive right to sue the Defendant for infringement and recover past damages.

4.      Upon information and belief, Defendant Dell is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at One Dell Way, Road Rock, Texas 78682.

## JURISDICTION AND VENUE

5.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.,* including 35 U.S.C. §§ 271, 281, 283, 284, and 285.   This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6.      The Court has personal jurisdiction over Defendant because Defendant has minimum contacts within the State of Texas, and the Eastern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and, Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

7.      More specifically, Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises its products and services in the United States,

the State of Texas, and the Eastern District of Texas.  Upon information and belief, Defendant

has committed patent infringement in the State of Texas and in the Eastern District of Texas, has

contributed to patent infringement in the State of Texas and in the Eastern District of Texas

and/or has induced others to commit patent infringement in the State of Texas and in the Eastern

District of Texas.  Defendant solicits customers in the State of Texas and in the Eastern District

of Texas.  Defendant has many paying customers who are residents of the State of Texas and the

Eastern District of Texas and who each use respectively Defendant's products and services in the

State of Texas and in the Eastern District of Texas.

8.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391

and 1400(b).

### COUNT I:
### INFRINGEMENT OF U.S. PATENT NO. 6,526,219
### BY DELL

9.      United States Patent No. 6,526,219, entitled "Picture-Based Video Indexing

System," was duly and legally issued by the United States Patent and Trademark Office on

February 25, 2003 after full and fair examination.  Plaintiff is the assignee of all rights, title, and

interest in and to the '219 Patent and possesses all rights of recovery under the '219 Patent

including the right to sue for infringement and recover past damages.

10.      Upon information and belief, Dell has infringed and continues to infringe one or

more claims of the '219 Patent by making, using, providing, offering to sell, and selling (directly

or through intermediaries), in this district and elsewhere in the United States, products capable of

indexing videos with images that are displayed in windows wherein at least one window displays

motion imagery, such as its Dell XPS laptop and other similar products.

11.    Upon information and belief, Dell has induced and continues to induce infringement of one or more claims of the '219 Patent in this district and elsewhere in the United States, by, among other things, actively and successfully encouraging, instructing, enabling, and otherwise causing end users and/or customers to use its products capable of indexing videos with images that are displayed in windows wherein at least one window displays motion imagery, such as in the Dell XPS Laptop, and other similar products, in a manner which infringes the '219 Patent.  Dell has had knowledge of the '219 Patent as of the commencement of this action at least and, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its products in a manner which infringes the '219 patent.  Upon information and belief, Dell has specifically intended that its end users and/or customers use the accused products in such a way that infringes the '219 Patent by, at minimum, providing instructions to its end users and/or customers on how to use the accused products in such a way that infringes the '219 Patent and knew or should have known that its actions, including, but not limited to providing such instructions, would induce, have induced, and will continue to induce infringement by end users and/or customers.

12.    Upon information and belief, Dell has contributed to and continues to contribute to the infringement of one or more claims of the '219 Patent by offering to sell, and selling (directly or through intermediaries), to end users and/or customers, in this district and elsewhere in the United States, its product that constitute a component of a machine, manufacture, combination or composition covered by the '219 Patent, constituting a material part of the invention, and that end users and/or customers have utilized said products in a manner that infringes one or more claims of the '219 Patent.  Upon information and belief, Dell has been aware, since at least the service of this action, that its products accused of infringement

COMPLAINT FOR PATENT INFRINGEMENT

including, but not limited to, its products that are capable of indexing videos with images that are displayed in windows wherein at least one window displays motion imagery, are especially made and/or adapted for use(s) that infringe one or more claims of the '219 Patent and are, therefore not staple articles or commodities of commerce suitable for substantial noninfringing use.

13.     Dell's aforesaid activities have been without authority and/or license from Plaintiff.

14.     Plaintiff is entitled to recover from the Dell the damages sustained by Plaintiff as a result of Dell's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

15.     Dell's infringement of Plaintiff's exclusive rights under the '219 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**COUNT II:**
**INFRINGEMENT OF U.S. PATENT NO. 8,150,239**
**BY DELL**

16.     United States Patent No. 8,150,239, entitled "Picture-Based Video Indexing System," was duly and legally issued by the United States Patent and Trademark Office on April 3, 2012 after full and fair examination.  Plaintiff is the assignee of all rights, title, and interest in and to the '239 Patent and possesses all rights of recovery under the '239 Patent including the right to sue for infringement and recover past damages.

17.     Upon information and belief, Dell has infringed and continues to infringe one or more claims of the '239 Patent by making, using, providing, offering to sell, and selling (directly

or through intermediaries), in this district and elsewhere in the United States, products capable of indexing videos with images that are displayed in windows wherein at least one window displays motion imagery, such as its Dell XPS laptop and other similar products.

18.     Upon information and belief, Dell has induced and continues to induce infringement of one or more claims of the '239 Patent in this district and elsewhere in the United States, by, among other things, actively and successfully encouraging, instructing, enabling, and otherwise causing end users and/or customers to use its products capable of indexing videos with images that are displayed in windows wherein at least one window displays motion imagery, such as in the Dell XPS Laptop, and other similar products, in a manner which infringes the '239 Patent.  Dell has had knowledge of the '239 Patent as of the commencement of this action at least and, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its products in a manner which infringes the '239 Patent.  Upon information and belief, Dell has specifically intended that its end users and/or customers use the accused products in such a way that infringes the '239 Patent by, at minimum, providing instructions to its end users and/or customers on how to use the accused products in such a way that infringes the '239 Patent and knew or should have known that its actions, including, but not limited to providing such instructions, would induce, have induced, and will continue to induce infringement by end users and/or customers.

19.     Upon information and belief, Dell has contributed to and continues to contribute to the infringement of one or more claims of the '239 Patent by offering to sell, and selling (directly or through intermediaries), to end users and/or customers, in this district and elsewhere in the United States, its product that constitutes a component of a machine, manufacture, combination or composition covered by the '239 Patent, constituting a material part of the

invention, and that end users and/or customers have utilized said products in a manner that infringes one or more claims of the '239 Patent.  Upon information and belief, Dell has been aware, since at least the service of this action, that its products accused of infringement including, but not limited to, its products that are capable of indexing videos with images that are displayed in windows wherein at least one window displays motion imagery, are especially made and/or adapted for use(s) that infringe one or more claims of the '239 Patent and are, therefore not staple articles or commodities of commerce suitable for substantial noninfringing use.

20.     Dell's aforesaid activities have been without authority and/or license from Plaintiff.

21.     Plaintiff is entitled to recover from the Dell the damages sustained by Plaintiff as a result of Dell's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

22.     Dell's infringement of Plaintiff's exclusive rights under the '239 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

23.     Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

24.     Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

COMPLAINT FOR PATENT INFRINGEMENT

A.   An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or by others to whose infringement Defendant has contributed and/or by others whose infringement has been induced by Defendant;

B.   An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

C.   A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the Patents-in-Suit;

D.   That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

E.   Any further relief that this Court deem just and proper.

COMPLAINT FOR PATENT INFRINGEMENT

Dated: October 2, 2012

Respectfully submitted,

By:  /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**THE DAVIS FIRM, P.C.**
111 West Tyler Street
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
Email: bdavis@bdavisfirm.com

**Of Counsel:**

Douglas L. Bridges
Georgia State Bar No. 080889
**HENINGER GARRISON DAVIS, LLC**
169 Dauphin Street, Suite 100
Mobile, Alabama 36602
Telephone: (251) 298-8701
Facsimile: (205) 547-5504
Email:  dbridges@hgdlawfirm.com

Jacqueline K. Burt
Georgia State Bar No. 425322
**HENINGER GARRISON DAVIS, LLC**
3550 Riverwood Parkway, Suite 1900
Atlanta, Georgia 30339
Telephone: (404) 996-0861
Facsimile: (205) 547-5502
Email:  jburt@hgdlawfirm.com

***Attorneys for Plaintiff***
***InMotion Imagery Technologies, LLC***

COMPLAINT FOR PATENT INFRINGEMENT